UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CR-180-JVB-JEM |
| | ) | |
| MICHAEL BROOKS | ) | |
| a/k/a MICHAEL SANDIFER, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel [DE 111] filed by Defendant Michael Brooks, also known as Michael Sandifer, on March 2, 2022. The Government filed a response on March 24, 2022. In the motion, Defendant asks the Court to order the Bureau of Prisons to "correct" their records and "quash" any existing federal warrant or detainer other than Defendant's term of supervised release.

Defendant was charged in this case on April 19, 2017. At that time he was already in the custody of the State of Illinois, so the Court issued a writ of habeas corpus ad prosequendum for Defendant to be transported from the Cook County, Illinois, Jail to the Northern District of Indiana so that Defendant could be present for his initial hearing on July 6, 2017, and thereafter be held pending resolution of this federal case. Later that year, Defendant pled guilty to Counts 1 and 2 of the Superseding Indictment. The Court sentenced Defendant on July 17, 2018, to 5 months imprisonment on Count 1 and 60 months imprisonment on Count 2, to be served consecutively. The Court also imposed 3 year terms of supervised release on each count, to be served concurrently. On July 18, 2018, the writ was executed, and Defendant was returned to the Cook County Jail. He was then convicted and sentenced on his state charges and sent to the Illinois Department of Corrections to serve his sentence.

Defendant's request for correction is based on the assumption that he began serving his federal sentence when he was returned to the Cook County Jail and that he has now completed his federal sentence. However, "[u]nder the doctrine of primary custody, an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). The general rule is that the sovereign that first arrests a defendant has primary custody over him or her and retains primary custody until it relinquishes priority in some way. *Id.* A writ of habeas corpus ad prosequendum allows a sovereign to take temporary custody of a prisoner in the custody of another sovereign for the purpose of prosecution without acquiring primary custody of the prisoner. *Id.* at 412-13. Additionally, there is no indication that the State of Illinois intended to relinquish primary custody. Thus, because Defendant was first arrested by the State of Illinois, which has not relinquished primary custody of Defendant, his federal sentence has not yet commenced, so it would not be proper for the Court to grant the relief that Defendant requests.

Based on these reasons, the Court **DENIES** the Motion to Compel [DE 111].

SO ORDERED on April 4, 2022.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT