UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:16-CR-180-JVB-JEM |
| | ) |
| MICHAEL BROOKS,<br>　　　　Defendant. | )<br>) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Order Nunc Pro Tunc [DE 122] filed by Defendant Michael Brooks[1] on December 5, 2022.

On July 23, 2018, judgment was entered in this case as to Defendant. The undersigned sentenced Defendant to 5 months on Count 1 and 60 months on Count 2, to be served consecutively for a total term of imprisonment of 65 months. (Judgment, at 2, ECF No. 83). The judgment is silent as to whether the term is to run concurrent or consecutive to a sentence imposed by state court.

Defendant was present for his proceedings before this Court on a Writ of Habeas Corpus Ad Prosequendum executed on the warden of the Cook County Jail. *See* (Writ, ECF No. 26).

Defendant represents that his state court case resolved through a January 15, 2019 guilty plea, and he "was sentenced to 15 years at 50%" and advised that his state court conviction would run concurrently to his federal conviction. Defendant further represents that he was given the choice of where to serve his sentence and that he chose to remain in state custody to remain close to family.

---

[1] Defendant identifies himself as "Michael Sandifer" in the text of the motion and lists "Michael Brooks A.K.A. Michael Sandifer" as the Defendant in the caption of his motion.

Defendant states that, because he has not entered the primary custody of the Bureau of Prisons, he has not been given any credit toward his federal sentence for time served in state custody. Defendant asks the Court to "issue an order Nunc Pro Tunc, [c]orrecting the defendant's sentence. Specifically, that said order indicate that this defendant serve both sentences concurrently." (Motion, at 5, ECF No. 122).

Defendant faces a few barriers to relief. First, there is no evidence before the Court that the state court indeed ordered his state court sentence to run concurrently to the federal sentence. Further, the undersigned made no such designation regarding the sentences, and it would have been improper to do so because Defendant had not been sentenced in state court at the time this Court sentenced Defendant. *See Romandine v United States*, 206 F.3d 731, 737-78 (7th Cir. 2000) (holding that a federal sentence cannot be ordered to be served concurrently or consecutively with a state court sentence that does not yet exist).

Second, this is not a matter which the undersigned can "correct" for Plaintiff. This is not a matter to bring under a 28 U.S.C. § 2255 motion, nor is it a motion to correct a clerical error, which the Court could entertain under Federal Rule of Criminal Procedure 36.

If Defendant asserts that the Bureau of Prisons is improperly executing his sentence, the available avenue to pursue relief lies with an action under 28 U.S.C. § 2241. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on ground concerning the execution but not the validity of the conviction and sentence . . . falls into the domain of § 2241"); *accord United States v. Garcia-Uranzo*, No. 02-CR-117, 2010 WL 1740795, at *1, (E.D. Wis. Apr. 29, 2010). As it stands, though, Defendant has not used the proper procedure to pursue the relief he requests.

Accordingly, the Court **DENIES without prejudice** the Motion for Order Nunc Pro Tunc [DE 122].

SO ORDERED on December 15, 2022.

                                                 s/ Joseph S. Van Bokkelen
                                                 JOSEPH S. VAN BOKKELEN, JUDGE
                                                 UNITED STATES DISTRICT COURT