UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:16-CR-180-JVB-JEM |
| ) | |
| MICHAEL BROOKS, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Correct a Clerical Error [DE 129] filed by Defendant Michael Brooks on May 30, 2023.

The alleged clerical error appears to be that the Court did not clarify at sentencing whether Brooks's federal sentence would run concurrently or consecutively to any sentence that might ultimately be ordered as a result of then-pending state court charges.[1]

Federal Rule of Criminal Procedure 36 provides that the Court can correct a clerical error in a judgment at any time. However, Brooks has not shown that the error asserted here is clerical. "A clerical error is one resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination," and includes "omitting an appendix from a document; typing an incorrect number; mistranscribing a word; and failing to log a call." *United States v. Gibson*, 356 F.3d 761, 766 n.3 (7th Cir. 2004) (internal quotation marks omitted) (quoting *Clerical Error*, *Black's Law Dictionary* (7th ed. 1999)). A clerical error also exists where the oral pronouncement of a sentence is inconsistent with the written judgment. *See United States v. McClain*, 16 F.4th 487, 490 (7th Cir. 2021); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008).

---

[1] This is essentially the same relief that Brooks requested in his December 5, 2022 Motion for Order Nunc Pro Tunc, which the Court denied on December 15, 2022.

Brooks does not assert that any such discrepancy between oral pronouncement and written judgment exists, only that the Court should have announced whether his federal sentence was to run concurrently with a then-uncertain state sentence.

Brooks's request must be denied. First, the Court did not designate the federal and state sentences to run concurrently. Second, it would have been improper to do so because Defendant had not been sentenced in state court at the time this Court sentenced Defendant. *See Romandine v United States*, 206 F.3d 731, 737-78 (7th Cir. 2000) (holding that a federal sentence cannot be ordered to be served concurrently or consecutively with a state court sentence that does not yet exist). Third, even if it were appropriate to designate concurrent sentences and the Court had meant to order concurrent sentences (neither of which are the case here), Rule 36 is not to be used for fixing errors in judicial reasoning or matters in a written judgment placed there with the presiding judge's knowledge and approval. *McHugh*, 528 F.3d at 540.

Because there is no clerical error to correct, the Court hereby **DENIES** the Motion to Correct a Clerical Error [DE 129].

SO ORDERED on June 8, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT