UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>       Plaintiff, | )  <br>)  <br>) |
| v. | )  CAUSE NO.: 2:16-CR-180-JVB-JEM  <br>) |
| MICHAEL BROOKS,  <br>       Defendant. | )  <br>)  <br>) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Reduction of Sentence Under 3582(c)(1)(A) [DE 145] filed by Defendant Michael Brooks on August 4, 2023, and on a Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) [DE 166] filed on January 8, 2024. The Government responded to both motions, and Brooks replied to his first motion only.

## PROCEDURAL BACKGROUND

Brooks was charged in a two-count superseding indictment with interfering with commerce by threat or violence in violation of 18 U.S.C. §§ 2 and 1951 (Hobbs Act robbery) and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c). On December 19, 2017, Brooks pled guilty to both federal charges pursuant to a plea agreement. At the July 17, 2018 sentencing, the Court sentenced Brooks to 5 months on the § 1951 charge and 60 months on the § 924(c) charge, to be served consecutively, to be followed by three years of supervised release on each count, to be served concurrently. Judgment was entered July 23, 2018. No appeal followed.

## MOTION UNDER 18 U.S.C. § 3582(c)(1)(A)

Under 18 U.S.C. § 3582(c)(1)(A), the Court may grant a defendant's motion for compassionate release if the defendant fully complied with the administrative exhaustion

requirement[1] and the Court finds that (1) extraordinary and compelling reasons warrant compassionate release, and (2) the factors found at 18 U.S.C. § 3553(a) support a sentence reduction. Compassionate release must also be consistent with the United States Sentencing Commission's applicable policy statements. The party moving for compassionate release bears the burden of proof. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

The policy statement in United States Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13 provides that the defendant's medical circumstances, age, family circumstances, or status of being a victim of abuse while incarcerated can be an extraordinary and compelling reason, as can other reasons that are similar in gravity to these circumstances. Additionally, a combination of these reasons or the defendant receiving an unusually long sentence can be an extraordinary and compelling reason.

Brooks argues for a sentence reduction on the bases that Hobbs Act robbery is not a crime of violence, that Brooks has PTSD as a result of trauma experienced while incarcerated, and that he has exhibited good behavior during his incarceration.

### A. Hobbs Act Robbery

Brooks contends that he is serving an unusually long sentence because his Hobbs Act robbery conviction would no longer be recognized as a crime of violence to satisfy a conviction under § 924(c).

As far as being a "crime of violence" for a § 924(c) conviction, the crime must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Robbery, for purposes of the Hobbs Act, is defined in relevant part as "the unlawful taking or obtaining of personal property from the person or in the presence

---

[1] The Government agrees that Brooks has fully exhausted his administrative remedies.

2

of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Thus, it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" and qualifies as a § 924(c) crime of violence. *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017). So, while Hobbs Act robbery may not meet the "crime of violence" definition of some statutes, it meets the definition applicable to Brooks's § 924(c) conviction. *See United States v. Worthen*, 60 F.4th 1066, 1069 (7th Cir. 2023) ("[T]he principal offense of Hobbs Act robbery qualifies as a crime of violence withing the meaning of § 924(c)(3)(A); *Bridges v. United States*, 991 F.3d 793, 801 n.2 (7th Cir. 2021) ("[N]othing in this decision disturbs our cases holding that Hobbs Act robbery is a crime of violence for statutes that use the 'or property' definition." (citing *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017)). There is no unusually long sentence and, thus, no extraordinary and compelling reason here.

### B. Post-Traumatic Stress Disorder (PTSD)

Brooks asserts that he has PTSD from his time being incarcerated. He states that he suffers nightmares, flash backs, anxiety, depression, and "other disturbing symptoms." He stresses that he has witnessed stabbings, death from assaults, and rape. He asserts that he has personally been assaulted. In his reply, Brooks also indicates that he has asthma, a depressive disorder, and has been prescribed medication for anxiety. The Court analyzes this argument under both the "medical circumstances" and "victim of abuse" policy guidance.

    1.    <u>Medical Circumstances</u>

As applicable to Brooks's argument, his medical circumstances could constitute an extraordinary and compelling reason if his serious medical condition "substantially diminishes [his] ability] to provide self-care within the environment of a correctional facility and from which he

3

. . . is not expected to recover" or if he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B), (C).

In his motion, Brooks states that he has not been examined or diagnosed due to "poor" staffing of psychology personnel by the Bureau of Prisons. He contends that he is at risk of serious mental deterioration that will leave him unable to provide self-care in the prison environment and that he cannot receive the help he needs through the prison system. In his reply, Brooks contends that he has "not received treatment" for his PTSD but concedes that he "was given medication" for it. Brooks also admits that he has been given a steroid and albuterol inhaler for his asthma.

The Government has responded and submitted evidence. At Brooks's March 24, 2023 BOP Psychology Services intake screening, he denied being the victim of sexual abuse, assault, or harassment while incarcerated and was informed how to contact Psychology Services on a routine or emergency basis. (Ex. 1, ECF No. 158). In 2023, Brooks was recorded as having "no significant mental health issues" on April 12, May 10 and 31, June 8 and 28, July 26, and August 23.[2] *Id.* At BOP Psychology Services special housing unit reviews on those dates, Brooks reported no complaints or acute issues, which matched staff observations. *Id.* The psychiatrist concluded on several occasions that "placement in Restrictive Housing does not appear detrimental to the inmate's mental status and is not causing or exacerbating signs/symptoms of mental illness or functional impairment." *Id.* On August 21, 2023, Brooks was seen by Health Services for complaints of chest pain. (Ex. 3 at 1, ECF No. 158). Brooks reported "that he is working with psychology, Dr. Lucious, and wants to hold off on taking medications. Denies suicidal/homicidal ideations or hallucinations." *Id.* He was "[a]dvised to notify medial or psychology for any changes

---

[2] The August 23rd review occurred after Brooks filed his motion. The other reviews occurred before.

in thoughts, moods or behavior," and "[v]erbalized understanding." *Id.* He was assessed with having an anxiety disorder. *Id.* at 2.

This evidence paints a different picture than what Brooks would have the Court find. Brooks has been seen by psychology services on multiple occasions, and no significant mental health issues were identified. At the psychology services encounter after Brooks filed his motion, the notes do not indicate that Brooks reported the PTSD that he claims, in his motion, to have. In his reply, Brooks asserts that he does not know how he is to work on his mental health issues while in restricted housing, but as noted above, the psychiatrist found that his restrictive housing placement did not appear detrimental to Brooks's mental status.

In short, Brooks has not shown that his medical circumstances are an "extraordinary and compelling reason" such that the Court should consider compassionate release.

### 2. Victim of Abuse

The "victim of abuse" guidance requites the misconduct to be "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant" and that the misconduct "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4). Brooks has stated only that he has been assaulted. He does not identify the perpetrator of the stated assault in any way, nor does he suggest that the misconduct has been established as required (or that one of the exceptions applies). The alleged assault against Brooks is not an extraordinary and compelling reason.

5

### C. Good Behavior

Brooks's efforts toward self-improvement while incarcerated are praiseworthy, but they are not an extraordinary and compelling reason for compassionate release. *See* U.S.S.G. § 1B1.13(b). Brooks appears to concede as much in his reply. *See* (Reply at 7, ECF No. 159).

### D. Circumstances in Combination and Similar Gravity

The Court has also considered Brooks's arguments in combination and has considered whether they, singly or in combination, are of similar gravity to the circumstances provided in U.S.S.G. § 1B1.13(b). They are not. There is therefore no extraordinary and compelling reason.

### E. Request for Counsel

Brooks has also asked for counsel, but neither the United States Constitution nor the Criminal Justice Act entitles a litigant to appointed counsel when seeking a sentence reduction. *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). The Court finds that appointed counsel is unwarranted here.[3]

Therefore, this motion is denied in full.

### MOTION UNDER 18 U.S.C. § 3582(c)(2)

Brooks requests relief under 18 U.S.C. § 3582(c)(2), which applies when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. As the Court explained previously in an Order issued on April 24, 2024, the United States Sentencing Commission voted on April 27, 2023, to limit the overall impact of "status points" on certain offenders' criminal history by amending United States

---

[3] The Court had instructed the Northern District of Indiana's Federal Community Defenders office to enter a limited appearance on behalf of Brooks to determine whether Brooks benefitted from the Amendment 821 changes to the sentencing guidelines. Having determined that Amendment 821 did not lower Brooks's guideline sentencing range, the Court granted the Federal Community Defenders attorney's motion to withdraw his appearance. *See* (Docket Entries 168, 170, 171, 173, & 174).

Sentencing Guideline § 4A1.1, and the change was later given retroactive effect. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

Still, because this change reduced Brooks's criminal history points from twelve to eleven, his criminal history category remains category V, so his guideline sentencing range has not decreased with the amendment to § 4A1.1. As a result, Brooks's is not entitled to relief under § 3582(c)(2), and the Court will deny this motion.

## CONCLUSION

Based on the above, the Court hereby **DENIES** the Motion for Reduction of Sentence Under 3582(c)(1)(A) [DE 145] and **DENIES** the Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) [DE 166].

SO ORDERED on November 5, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT