UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL BROOKS

Case No. 2:16-CR-00180-GSL-JEM

**OPINION AND ORDER**

The matter before the Court is Defendant's "Motion to Reduce Sentence; Motion to Correct Sentence." [DE 184]. Defendant, proceeding pro se, argues that the Bureau of Prisons has improperly reduced (or perhaps not at all) his sentence regarding credit for time served prior to sentencing. [*Id.* at page 2]. He brings his motion pursuant to Federal Rule of Civil Procedure 60(b). [*Id.* at 1]. The Government argues that Rule 60(b) is the improper vehicle for Defendant's motion. [DE 187, page 3]. Instead, it should be brought under a habeas corpus petition. [*Id.*]. Moreover, if construed as a habeas corpus petition, the Government argues that this Court lacks jurisdiction. [*Id.*]. This Court agrees.

A habeas corpus petition, under 28 U.S.C.A. § 2241, is the proper vehicle for challenging the execution of a criminal sentence, e.g., miscalculations by the Bureau of Prisons. *Setser v. United States*, 566 U.S. 231, 244 (2012). And this petition must be filed in the district in which the prisoner is incarcerated. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009).

The Court construes Defendant's motion as a habeas corpus petition. *See United States v. Earls*, 755 F. App'x 581, 583 (7th Cir. 2019) ("[Rule 60] . . . does not apply in criminal cases . . . . [A] court should examine the substance, not just the label, of the pro se filing . . . ."). Defendant is incarcerated in White Deer, Pennsylvania. The federal district court there is the proper venue for Defendant's petition. This Court lacks jurisdiction.

For these reasons, Defendant's motion [DE 184] is DISMISSED.

SO ORDERED.

ENTERED: June 6, 2025

                                                  /s/ GRETCHEN S. LUND  
                                                  Judge  
                                                  United States District Court